T.C. Summary Opinion 2001-116

UNITED STATES TAX COURT

JOANN S. ALLEN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3196-00S.                     Filed July 31, 2001.

Joann S. Allen, pro se.

<u>Ross M. Greenberg</u>, for respondent.


PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax of $2,929 for tax year 1996. The issues for decision are: (1) Whether petitioner qualifies for head-of-household filing status; and (2) whether petitioner is entitled to the earned income credit under section 32.

Background

Some of the facts have been stipulated, and they are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time of filing her petition, petitioner resided in Odessa, Florida.

Petitioner's first husband, Terry Sherouse, died in a boating accident in September 1991. In November 1991, petitioner began dating a neighbor, Kevin Allen (Mr. Allen). Mr. Allen's house was foreclosed upon and he moved in with petitioner. During the 1996 tax year, petitioner and Mr. Allen resided together at petitioner's home for the entire year.[1] Petitioner and Mr. Allen were married in September 1997.

Petitioner has three children: James Dewey, born in 1984; Joseph Sherouse, born in 1989; and Jonathan Sherouse, born in

---

[1] The parties entered into a stipulation pursuant to Rule 91, in which petitioner stipulated that she resided with Mr. Allen during 1996 for the entire year. At trial, Mr. Allen testified that he moved in with petitioner at some time in 1996. There is other evidence including canceled checks from a joint checking account of petitioner and Mr. Allen that demonstrates that they lived together for the entire year. Based on the record, there is no basis to find facts different from those stipulated by the parties.

1991.  Mr. Allen has two children.  The older child graduated college in 1996, and the younger child was in high school in 1996.  After Mr. Allen moved in with petitioner in 1996, Mr. Allen's daughter, son-in-law, and grandson moved into the household.

Petitioner reported wages of $14,412 and taxable pensions and annuities of $1,180 for 1996.  Petitioner also received Social Security benefits of $2,177.  Petitioner's three children each received Social Security benefits of $4,246.30 in 1996.

Petitioner owned the residence where the family resided.  Mr. Allen did not contribute to the expenses of the household or support of petitioner's children, with the exception of paying for groceries.  Mr. Allen did not care for petitioner's children as his own.

Mr. Allen earned wages of $48,897.12 in 1996.  Mr. Allen paid child support to his former wife for his son.  Mr. Allen also supported his daughter, son-in-law, and grandson.

On her 1996 Federal income tax return, petitioner claimed the earned income credit under section 32.[2]  She also filed her return claiming head-of-household filing status.

On December 14, 1999, respondent mailed a notice of deficiency to petitioner for tax year 1996.  Respondent

---

[2]     The record does not reflect which of her children were claimed by petitioner as qualifying children.

determined that petitioner's filing status should be single, asserting that petitioner did not furnish more than one-half of the cost of maintaining the household. Further, respondent disallowed the earned income credit, determining that petitioner's sons were qualifying children for Mr. Allen, and, since Mr. Allen had a higher adjusted gross income, petitioner is not entitled to the credit.

Discussion

1. Filing Status

In order to qualify for head-of-household filing status, a taxpayer must satisfy the requirements of section 2(b). Pursuant to that section, and as relevant herein, an individual qualifies as a head of household if the individual is not married at the close of the taxable year and maintains as her home a household that constitutes for more than one-half of the taxable year the principal place of abode of a son or daughter of the taxpayer. Sec. 2(b)(1)(A)(i). A taxpayer is considered as maintaining a household only if over half of the cost of maintaining the household during the taxable year is furnished by the taxpayer. Sec. 2(b)(1) (flush language). The cost of maintaining a household includes property taxes, mortgage interest, rent, utility charges, upkeep and repairs, property insurance, and food consumed on the premises. Sec. 1.2-2(d), Income Tax Regs. The cost of maintaining a household does not include the cost of

clothing, education, medical treatment, vacations, life insurance, and transportation.  Id.

Petitioner's children each received funds from Social Security, and Mr. Allen purchased food for the household. Considering these funds were available for support of the household, we conclude that petitioner did not furnish over half the cost of maintaining the household.  Therefore, we sustain respondent's determination.

2. Earned Income Credit

On her 1996 income tax return, petitioner claimed an earned income credit.  In the case of an eligible individual, section 32(a) allows an earned income credit against the individual's income tax liability.  As relevant herein, an "eligible individual" is defined as an individual who has a "qualifying child" for the taxable year.  Sec. 32(c)(1)(A).

The record reflects that each of petitioner's sons qualifies as a "qualifying child" pursuant to the requirements set forth in section 32(c)(3)(A)(i through iv).  In this regard, each of the three sons satisfies the relationship test, see sec. 32(c)(3)(A)(i) and (B)(i)(I), the residency test, see sec. 32(c)(3)(A)(ii), and the age test, see sec. 32(c)(3)(A)(iii) and (C)(i).  Finally, petitioner satisfied the identification requirement under section 32(c)(3)(C)(A)(iv) and (D)(i) for each of the three children.

Respondent contends that petitioner's children also qualify as Mr. Allen's foster children, and, therefore, petitioner does not qualify for the earned income credit, as her modified adjusted gross income for 1996 was lower than Mr. Allen's. See sec. 32(c)(1)(C). However, Mr. Allen fails the relationship test with respect to petitioner's children. An eligible foster child is defined as an individual who the taxpayer cares for as the taxpayer's own child, and has the same principal place of abode as the taxpayer for the taxpayer's entire taxable year. Sec. 32(c)(3)(B)(iii).[3] The record reflects that Mr. Allen did not care for petitioner's children as his own. Mr. Allen's involvement with petitioner's children was limited to the purchase of groceries. Petitioner's children do not qualify as Mr. Allen's foster children. As such, petitioner is not disqualified as an "eligible individual".

We hold that petitioner is entitled to the earned income credit for 1996.

Reviewed and adopted as the report of the Small Tax Case Division.

---

[3]    Although Congress recently amended the definition of an eligible foster child, see Ticket to Work and Work Incentives Improvement Act of 1999, Pub. L. 106-170, sec. 412, 113 Stat. 1917, the amended definition does not apply herein because it is effective for tax years beginning after Dec. 31, 1999.

To reflect the foregoing,

<u>Decision will be</u>

<u>entered under Rule 155</u>.